4. INSURANCE, § 804*—*when beneficiary not estopped to assert that suspension was unlawful.* The fact that a member of a fraternal organization, who has been suspended, has signed a request for reinstatement does not estop him from asserting that such suspension was unlawful.

5. INSURANCE, § 854*—*when action on mutual benefit certificate not prematurely brought.* If when a claim is presented against defendant, a fraternal organization, it at first denies liability, an action brought without exhausting certain remedies as required by defendant's by-laws is not prematurely brought, although such by-laws are expressly made part of the contract, and though plaintiff is expressly required thereby to exhaust such remedies before bringing suit, for the reason that in such case defendant is precluded from setting up the provisions of such by-laws as a defense to the action.

## Josiah Cratty, Defendant in Error, v. William F. Buker, Plaintiff in Error.

### Gen. No. 20,401.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 8, 1915.

## Statement of the Case.

Action by Josiah Cratty, plaintiff, against William F. Buker, defendant, to recover on a contract for professional services as an attorney at law. To reverse a judgment for plaintiff for $343.40, defendant prosecutes this writ of error.

Plaintiff is an attorney at law, and was retained by the defendant to represent him in a certain litigation then pending in the Superior Court of Cook county. It was agreed that plaintiff should receive $5 per hour for the time necessarily employed. January 26, 1912, a memorandum of the agreement was signed by the defendant, which stated that $100 had been paid as

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a retainer, and that the fees earned should be "paid as fast as can be, and secured on Buker's Estate." In accordance with the agreement, plaintiff proceeded to represent the defendant in the case in the Superior Court, and continued to do so until some time in July, 1912. At that time plaintiff claimed he had been necessarily engaged 127½ hours in the litigation, and requested that the defendant secure him for his fees before proceeding further. At the time of the request the amount of his services rendered had not been computed. Plaintiff requested that he be secured on the interest which the defendant had in the property involved in the case in the Superior Court, the security to cover the services rendered and to be rendered. The defendant refused to do so, stating that as he did not know the amount of plaintiff's bill, he was unwilling to give the security. Thereupon plaintiff said he would have nothing further to do with the case.

THOMAS W. PRINDEVILLE, for plaintiff in error; JAY C. LYTLE, of counsel.

CHARLES HUDSON, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 183*—*when motion for peremptory instruction must be made.* A motion for a peremptory instruction made at the close of plaintiff's evidence and denied is waived unless renewed at the close of all the evidence.

2. APPEAL AND ERROR, § 1410*—*when verdict will not be set aside as against weight of evidence.* A verdict will not be set aside on review of the judgment unless it is manifestly against the weight of the evidence.

3. ATTORNEY AND CLIENT, § 135*—*sufficiency of evidence to sustain verdict for fees.* In an action to recover on a contract for professional services as attorney at law, a judgment for plaintiff *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.